FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2009 NOV 10  PM 4: 01

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09 CV 325 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK S. GIES, | ) | |
| d/b/a SUGAR VALLEY SAUSAGE | ) | |
| COMPANY, LLC, d/b/a MARKY'S | ) | |
| MEAT MARKET | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT JUDGMENT
## OF PERMANENT INJUNCTION

On September 15, 2009, the United States of America brought a Complaint for Injunction pursuant to the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. 601, *et seq.*, to enjoin Defendant from violating the FMIA by offering to sell, and selling, uninspected meat and meat products. Specific instances of such conduct by Defendant are set forth in the Complaint.

The Court finds that it has subject matter jurisdiction of this action pursuant to 21 U.S.C. § 674 and 28 U.S.C. §§ 1331, 1337 and 1345. The Court further finds that it has personal jurisdiction over all the parties to this action.

The parties hereto desire to settle this action and, therefore, on joint application of all parties stipulate, consent and agree to the entry by the Court of the following provisions as the judgment of the Court:

1. Defendant, Mark S. Gies, individually and doing business as Sugar Valley Sausage Company, LLC, and doing business as Marky's Meat Market, and his successors and assigns, agents and employees, and those persons in active concert or participation with him, whether directly or indirectly, are permanently enjoined from selling, offering for sale, transporting, offering for transportation, or receiving in commerce, any meat or meat food products in violation of 21 U.S.C. § 610(c)(2), and regulations promulgated pursuant thereto. Defendant agrees that any meat and meat products required to be inspected and passed by the United States Department of Agriculture shall be prepared under federal inspection and in accordance with applicable federal laws and regulations.

2. Defendant shall satisfactorily meet and comply with all the requirements identified in Title 9, Code of Federal Regulations, Part 416, including, but not limited to, having and maintaining effective Sanitation Standard Operations Procedures (SSOP), ensuring that the official establishment is operated and maintained in a manner sufficient to ensure sanitary conditions. In addition, Defendant shall implement, validate and maintain an effective Hazard Analysis and Critical Control Point (HACCP) system in accordance with the requirements of Title 9, Code of Federal Regulations, Part 417.

3. Defendant shall maintain full, complete and accurate written records of all business activities applicable to the FMIA, including, but not limited to, transactions conducted under retail operations and all activities conducted under Federal inspection. Defendant shall make records of all transactions under the FMIA and all HACCP and SSOP

records available to USDA representatives for review and copying upon request. Defendant shall afford USDA personnel full and unimpeded access and opportunity to execute this authority consistent with the provisions of 21 U.S.C. §§ 608, 621, 642 and 677, and 9 C.F.R. § 300.6(a) and cooperate with any review, inquiry or investigation under the FMIA.

4. Defendant shall notify the United States at least ten (10) days before any change or cessation in ownership or character of his business, such as incorporation of his business enterprise, assignment or sale resulting in the creation or emergence of a successor corporation or business entity, the creation or dissolution of subsidiaries, change or alteration of the business form or name, or any other change in Defendant's business structure that may have an effect upon Defendant's compliance with the terms of the Consent Judgment.

5. If at any time after the date of entry of this Consent Judgment, Defendant is found by this Court to have violated the provisions of 21 U.S.C. § 610(c)(2), or regulations promulgated pursuant thereto, Defendant shall pay to the United States the sum of One Thousand Dollars ($1,000.00) as liquidated damages for each violation or for each violating package or product, whichever is greater. The liquidated damages referred to in this paragraph shall be separate from, and payable in addition to, any other civil or criminal remedies sought by the United States including, but not limited to, civil or criminal contempt for violation of this order, and shall be due and payable immediately upon agreement of the parties involved, or upon a finding by this Court that Defendant has caused or allowed to occur, or has committed a violation of this order. The parties understand and agree that the

liquidated damages referred to in this paragraph are not punitive in nature, and that their imposition does not in any way limit the ability of the United States to seek, and the Court to impose, civil or criminal penalties based on conduct that may also be the basis for the payment of such liquidated damages. If Defendant violates this order or is found to be in civil or criminal contempt of its terms, Defendant shall, in addition to other remedies, reimburse the United States for its reasonable attorney's fees, its investigation expenses, and all related out-of-pocket actual expenses and costs.

6. Nothing required by or specified in this order shall abrogate or supersede Defendant's responsibilities under existing laws. Defendant shall comply in all pertinent particulars with the FMIA, as well as the regulations promulgated thereunder.

7. The Parties agree that, as a term of this judgment, the Plaintiff would not seek fines or penalties for Defendant's acts or omissions under 21 U.S.C. § 610(c)(2), occurring prior to the entry of this Consent Judgment. Nothing required by or specified in this order shall be deemed to limit the Plaintiff's ability to enforce the FMIA or the regulations promulgated thereunder for any acts or omissions by Defendant on or after the entry of this Consent Judgment.

8. This Court shall retain jurisdiction over this action and the parties hereto to implement the conditions of this Consent Judgment, to resolve any and all issues arising under this Consent Judgment, or to grant any appropriate relief in the event that any party fails to fulfill his, her or its obligations hereunder, and to modify the terms of this Consent

Judgment, or to grant such additional or further relief as may become necessary or appropriate.

9. The below signatories hereby expressly acknowledge and represent that they possess the authority to execute this order on behalf of themselves or the represented parties hereto.

BY THE COURT:

Date: November 10, 2009

_____
UNITED STATES DISTRICT JUDGE

I, the undersigned Defendant, in the presence of the undersigned witness to whom the Defendant is personally known, hereby executes and consents to the entry of this Judgment against him.

MARK S. GIES, Individually
Defendant

Date: 10-15-09

_____
MARK S. GIES

And: SUGAR VALLEY SAUSAGE
COMPANY, LLC,
Defendant

Date: 10-15-09

_____
Mark S. Gies, on behalf of
SUGAR VALLEY SAUSAGE
COMPANY, LLC.

And: MARKY'S MEAT MARKET
Defendant

Date: 10-15-09

_____
Mark S. Gies, on behalf of
MARKY'S MEAT MARKET

Date: 10-15-09

_____
WITNESS

6

Date: *October 26, 2009*

UNITED STATES OF AMERICA,
Plaintiff

By:   JOE W. STECHER
United States Attorney
District of Nebraska

And:   Lynnett M. Wagner
LYNNETT M. WAGNER, #21606
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102
Phone: (402) 661-3700
Fax: (402) 661-3081
lynnett.m.wagner@usdoj.gov

7